THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN COMAFORD, v. JAMES E. DUTCHER, Sheriff, Appellant.

*Courts of Special Sessions — chap. 390 of 1879 conferring thereon exclusive juris-diction of certain offences, is constitutional — R. S., pt. 4, chap. 1, title 7, § 27, not affected by — Power of Supreme Court judge to admit to bail.*

Chapter 390 of 1879, providing that Courts of Special Sessions, except in the city of Albany, and in the city and county of New York, shall have exclusive juris-diction in the first instance to hear and determine every charge for petit lar-ceny, not charged as a second offence, is constitutional and valid.*

*People ex rel. Stetzer* v. *Rawson* (61 Barb., 619), followed.

The said act does not interfere with the powers conferred by section 27 of title 7, chapter 1, part 4 of the Revised Statutes, which provides that upon the trial of an indictment for any offence, consisting of different degrees, the jury may find the accused not guilty of the offence in the degree charged in the indict-ment, and may find him guilty of any degree of such offence inferior to that charged in the indictment. The exclusive jurisdiction is given to the Special Sessions only where the charge is one simply of petit larceny.

Such act does not restrict the power of a justice of the Supreme Court to admit to bail one arrested for a criminal offence.

Appeal from an order made by a justice of the Supreme Court, admitting the relator to bail upon the return to a writ of *habeas corpus* issued by him.

It appeared that the relator was held in custody by the respondent, the sheriff of Dutchess county, by virtue of a com-mittment from the recorder of the city of Poughkeepsie, on a charge of petit larceny ; that the relator offered to give bail, but that the recorder refused to take it, and held him for trial before him on the said charge ; that the relator appeared in person and by attorney, and offered to give bail to appear at the next court having cognizance of the offence charged, and that the district attorney objected to his giving bail on the ground that under chapter 390 of 1879 the relator could only be tried before the said recorder.

The order directed that the relator be allowed to enter into a recognizance in the sum of $100, with sufficient surety, to appear at the next court having jurisdiction of the offence.

---

* See to the same effect, *Devine* v. *The People, ante,* page 99.

*Wm. R. Woodin*, district attorney, for the appellant.

*Abram J. Roer*, for the relator.

Pʀᴀᴛᴛ, J.·.

It is claimed by the learned counsel for the respondent that chapter 390 of the Laws of 1879 deprives the accused of the right of trial before a common law jury of twelve men, and is, therefore, unconstitutional. That chapter provides that " courts of special sessions, except in the city of Albany and in the city and county of New York, shall, in addition to the powers now possessed by them, have also exclusive jurisdiction in the first instance to hear and determine * * * charges for petit larceny not charged as a second offence." In the case of the *People ex rel. Stetzer* v. *Rawson* (61 Barb., 619), the General Term of the Fourth Department held that a similar statute applicable to Monroe county, passed in 1870 (chap. 47, Laws 1870), was valid under section 26, article 6 of the constitution as amended in 1869, which provides, that " courts of special sessions shall have such jurisdiction of offences of the grade of misdemeanor as may be prescribed by law ; " and the same also holds that petit larceny charged as a first offence is a misdemeanor under the Revised Statutes.

The opinion of Judge Jᴏʜɴsᴏɴ in the *Rawson Case* was evidently prepared with great care, and is well considered, and until reversed should be followed in the other deparments.

The argument that there will be a failure of justice in cases of petit larceny and assault and battery, if this law is held to be constitutional, has no force.

By section 27, title 7, chapter 1, part 4 of the Revised Statutes (2 R. S., 702), it is provided that " upon an indictment for any offence, consisting of different degrees as prescribed in this chapter, the jury may find the accused not guilty of the offence in the degree charged in the indictment, and may find such accused person guilty of any degree of such offence inferior to that charged in the indictment." It has been the settled practice under the statutes in cases where indictments charged grand larceny, but the proof failed to establish that the property stolen exceeded in

value twenty-five dollars, for juries to convict of petit larceny. In *People* v. *Jackson* (3 Hill, 93), this question is discussed by COWEN, J., and the practice approved.

It is plain, from the words of the statute of 1879, that it was not intended to repeal the section of the Revised Statutes before referred to. Exclusive jurisdiction in the first instance is given where the charge is one described in the act.

This does not interfere with the powers conferred by the Revised Statutes by the chapter before quoted relative to the trial of offences therein described, neither does it operate as a restriction upon the power of a justice of the Supreme Court to admit to bail.

By section 29, chapter 2, title 2, part 4 Revised Statutes (2 R. S., 710), it is provided that a justice of the Supreme Court shall have power to admit to bail in all cases.

The order, therefore, admitting the defendant to bail was proper, and must be affirmed.

GILBERT, J., concurred ; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.